NEW-YORK,
May, 1831.

Tucker
v.
Trustees of
Rochester.

---

TUCKER & SLEIGHT *vs.* TRUSTEES OF ROCHESTER.

A *corporation* are liable for the expense of the publication of the accounts of its *treasurer*, when by its charter such accounts are required to be published.

ERROR from the Munroe common pleas. Tucker and Sleight sued the trustees of the village of Rochester for work done by them in publishing in a daily newspaper an abstract of the receipts and expenditures of the treasurer of the village for the year ending in May, 1828; they were employed by the *treasurer*, and the *corporation* refusing to pay their bill, they brought their suit in the C. P. of Monroe, were they were nonsuited.

*J. Elwood*, for the plaintiffs in error.

NEW-YORK,
May, 1831.

Tucker
v.
Trustees of
Rochester.

*G. H. Mumford*, for defendants in error, insisted that the treasurer being required by the charter of the village to publish the *abstract*, was bound to do so at his own expense ; or if he had a claim against the corporation, to be reimbursed for the expense incurred, he must present it as a charge in his account, not having authority to contract debts, for the payment of which the corporation could be made liable.

*By the Court*, NELSON, J. We think the court below erred in nonsuiting the plaintiffs. The treasurer is the elected agent of the corporation, whose powers and duties are specifically defined in its charter, and when acting within the scope and limit of them, his acts are as binding upon that body as those of the trustees or any other legally constituted agent. This principle, as well as the remedy sought by the plaintiffs, is abundantly supported by adjudged cases. *Bank of Columbia* v. *Patterson's Adm'rs.* 2 Peters' Condensed R. 501. *Danforth* v. *Sch. & Du. Turnpike Road*, 12 Johns. R. 227. *Dunn* v. *Rector of St. Andrew's Church*, 14 id. 118. *Mott* v. *Hicks*, 1 Cowen, 532.

The 19th section of the charter provides for the settlement of the treasurer's accounts with the trustees, and directs that he shall, in a newspaper printed in the village, before the next annual election, cause to be published an abstract of the amount of all monies received by him from whom, and of all monies paid out by him, to whom, and for what purpose, during the preceding year. In pursuance of the above requirement of the treasurer, whose term expired in May, 1828, employed the plaintiffs to publish the abstract of his receipts and disbursements for the preceding year, for which service this suit is brought. There is no pretence for saying that the expense of this publication devolves upon the treasurer as an obligation incident to his office. The charter (27th section) provides only a compensation for his *services* as treasurer, but not for any pecuniary liabilities the duties of his office may require him to enter into ; for them the corporation are responsible. *Bright* v. *Sup. of Chenango*, 18 Johns. R. 242,

*Doubleday* v. *Supervisors of Broome,* 2 Cowen, 533. The prin-ciple of these cases would have justified the treasurer in pay-ing the plaintiffs, and looking himself to the corporation; but if the defendants are legally bound to refund to him, it is because he was authorized to contract with the plaintiffs, and therefore the defendants are holden to them. The advance by the treasurer would have been merely an advance by the agent for his principal in discharge of a legal liability.

Judgment reversèd, and <em>venire de novo</em> awarded.